Peter WALKER, Petitioner,

v.

The DISTRICT COURT OF PONTOTOC COUNTY, Ray Page, Warden, State Penitentiary, and the State of Oklahoma, Respondents.

No. A–13925.

Court of Criminal Appeals of Oklahoma.

July 20, 1966.

Peter Walker, pro se, petitioner.

NIX, Judge:

This is an original proceedings filed by the petitioner, Peter Walker, in which he seeks an order of this Court granting him a

Post-Conviction Appeal. He alleges that he didn't know he could appeal, and seeks to have his case reviewed by this Court contending that his judgment and sentence was void.

From the record furnished this Court, it appears that defendant was charged with the crime of Assault with Intent to Kill, in the District Court of Pontotoc County. He was represented by counsel of his own choice. On April 20, 1965, defendant appeared in open court, and after being fully advised of his rights by the court, entered a plea of guilty. Upon the recommendation of the county attorney, the court suspended the Five Year Sentence upon good behavior.

Petitioner alleges this suspended sentence was illegal, as he had been previously convicted of three felonies. The Court does not see where, in the record, the petitioner ever advised the trial judge of this fact. He certainly would not have been eligible for a suspended sentence if he had.

Some months later, on August 27, 1965, this cause came on for hearing on Application to Revoke the Suspended Sentence. In said application, the county attorney of Pontotoc County sets forth the reason for revocation, as follows:

"That said defendant did in Pontotoc County, on or about the 17th day of July, 1965, commit the crime of Robbery with Dangerous Weapon by then and there wrongfully and feloniously robbing one Mae McClarty, by wrongfully taking and carrying away certain money and personal property of value belonging to and in the possession of said Mae McClarty, and in her immediate presence, without her consent and against her will, said robbery being accomplished by said defendant then and there committing an assault on the said Mae McClarty by menacing her with a knife used and held by said defendant and by threatening to stab the said Mae McClarty if she resisted, the said defendant by said assault, threats, and menace did then and there put the said Mae McClarty in fear of immediate and unlawful injury to her person and overcame her resistance, and while so intimidating her did then and there wrongfully take and obtain from her the money and property aforesaid."

For this reason, the suspended sentence was revoked, not because of the previous convictions.

This Court has reviewed this record, and the Order Revoking the Suspended Sentence, and find it all in order. This being the case, there would be no basis for appeal.

Further, there is no indication that petitioner ever gave notice of intent to appeal, requested a casemade, or made any affirmative attempt to perfect an appeal in the trial court before the time for appeal had expired, therefore, he cannot be heard to complain that his Constitutional rights have been violated or denied; as he was represented by very capable counsel of his own choice who could have pursued this appeal had it been requested of them.

Application to Court of Criminal Appeals for Post-Conviction Appeal is denied.

BUSSEY, P. J., and BRETT, J., concur.